## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**TODD JAMES LEWIS,**

      **Plaintiff,**

      **v.**                                  **CASE NO.  22-3144-SAC**

**JOHNSON COUNTY ADULT**
**DETENTION CENTER, et al.,**

      **Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Todd James Lewis is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.  Plaintiff is also given the opportunity to file an amended complaint to cure the deficiencies.

### I.  Nature of the Matter before the Court

Plaintiff, a detainee at the Johnson County Adult Detention Center in Olathe, Kansas ("JCADC"), filed this pro se civil rights case under 42 U.S.C. § 1983.  The Court entered a Notice of Deficiency (Doc. 4) advising Plaintiff that his Complaint was deficient because it was not on the Court-approved form, and the civil action filing fee had not been satisfied.  The Notice directed Plaintiff to either pay the filing fee or submit a motion for leave to proceed in forma pauperis.  The proper forms were enclosed with the Notice and Plaintiff was granted until August 15, 2022, to cure the deficiencies.  The Court will provisionally grant Plaintiff leave to proceed in forma pauperis.  However, Plaintiff is still directed to either pay the filing fee or submit a proper motion for leave to proceed in forma pauperis by the Court's August 15, 2022 deadline.

Plaintiff alleges in his Complaint that his First Amendment right to freedom of speech has been violated at the JCADC, and he has been punished for exercising that right. Petitioner alleges that he is a pretrial detainee and therefore all of his rights are intact and have not been surrendered. Plaintiff alleges that on June 19, 2022, he attempted to exercise his First Amendment right of freedom of speech, when Officer Kite demanded that Plaintiff stop talking out and continued to talk over Plaintiff. (Doc. 1, at 3–4.) Plaintiff alleges that the "details of the events of that day will be provide[d] during discovery but they bear no importance as to the claim." *Id*. at 3.

Plaintiff takes issue with being treated differently than the jail staff, with staff retaining their freedom of speech rights while Plaintiff is denied his rights. Plaintiff asserts that both parties should have the same rights, or they should both mutually agree to suspend the same right at the same time. *Id*. at 5–6. Plaintiff alleges that he received a 10-day lockdown as punishment and was required to remain in the cell with the Module Officer deciding when and if Plaintiff received his one hour of recreation. *Id*. at 4–5.

Plaintiff suggests that staff at the JCADC incorrectly believe they can subject Plaintiff to their rules. *Id*. at 6. Plaintiff claims that his rights cannot be infringed, and that anyone who does so has committed a crime and is liable for punitive damages. *Id*. at 6–7.

Plaintiff names as defendants: the JCADC; the Johnson County Sheriff's Department; Johnson County; (fnu) Kite, Sheriff's Officer; and (fnu) Acker, Sheriff's Officer. Plaintiff seeks $10 million in damages, to have the officers involved terminated, and to have supervisors either retrained or terminated. *Id*. at 7.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court,

a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### 1. First Amendment Claims

Plaintiff claims that he was denied his First Amendment right to free speech when jail staff spoke over him and denied him the right to speak freely. The Tenth Circuit has held that:

> Government retaliation against a plaintiff for exercising his or her First Amendment rights may be shown by proving the following elements: (1) that the

plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.

*Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007).

Plaintiff has failed to show that he was engaged in a constitutionally protected activity or that the imposed restrictions violated prison regulations or that the restrictions were unconstitutional under the circumstances. In *Turner v. Falk*, the Tenth Circuit upheld the dismissal of plaintiff's retaliation claim finding in relevant part that:

> Prisons are unique. "Government conduct that would be unacceptable, even outrageous, in another setting may be acceptable, even necessary, in a prison." *Gee*, 627 F.3d at 1185. "[P]risoners' rights may be restricted in ways that would raise grave First Amendment concerns outside the prison context." *Id.* at 1187 (quoting *Thornburgh v. Abbott,* 490 U.S. 401, 407, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989)). "Consequently, a prisoner claim will often not be plausible unless it recites facts that might well be unnecessary in other contexts." *Id.* at 1185.

> An inmate does not have a First Amendment right to make violent, explicit, or harassing statements, at least when he has been warned not to. *See Kervin v. Barnes,* 787 F.3d 833, 835 (7th Cir.2015) (concluding that "backtalk by prison inmates to guards, like other speech that violates prison discipline, is not constitutionally protected"); *Lockett v. Suardini,* 526 F.3d 866, 874 (6th Cir.2008) (holding that prisoner's characterization of hearing officer as "a foul and corrupted bitch" violated prison regulation prohibiting insolent behavior and wasn't protected by the First Amendment); *Cowans v. Warren,* 150 F.3d 910, 912 (8th Cir.1998) (concluding that prisoner disciplined for "using abusive and insulting language" in violation of prison rule failed to state claim for retaliation because he was disciplined for acts he wasn't entitled to perform); *Ustrak v. Fairman,* 781 F.2d 573, 580 (7th Cir.1986) (finding that a prison rule prohibiting "being disrespectful to any employee of the institution ... swearing, cursing, or us[ing] ... any other vulgar, abusive, insolent, threatening, or improper language" did not violate an inmate's First Amendment rights).

> As these cases illustrate, prison restrictions on inmate expression are common. Therefore, to raise a plausible claim, an inmate must allege facts showing that an imposed restriction violated prison regulations or that the restriction was unconstitutional under the circumstances. *See Gee,* 627 F.3d at 1190.

*Turner v. Falk*, 632 F. App'x 457, 460–61 (10th Cir. 2015) (unpublished); *see also Fletcher v. Schwartz*, 745 F. App'x 71, 75, n.4 (10th Cir. 2018) (unpublished) (finding that plaintiff's claim that he remained calm and did not disrupt other prisoners did not demonstrate that jail official had no legitimate basis to order him to cease arguing with her, and noting that plaintiff failed to "plead facts showing that accommodation of a prisoner's right to verbally voice such complaints, without restriction, would have no significant impact on guards and other inmates."); *see also Huff v. Mahon*, 312 F. App'x 530, 532 (4th Cir. 2009) (adopting district court's reasoning and finding that "[a]n inmate does not have a First Amendment right to direct disrespectful comments to a prison official, whether verbally or in writing, because the prison's legitimate penological interests in promoting order and discipline, and in controlling violence clearly necessitate the prohibition of such comments."); *Denson v. Rios*, 2019 WL 7161695, at *5 (D. Colo. Dec. 23, 2019) ("Plaintiff's comment—backtalk to a prison official—is not constitutionally protected activity.").

Because Plaintiff has failed to show a violation of his First Amendment right to freedom of speech, he has also failed to plead a plausible claim that he was retaliated against for exercising his First Amendment rights. *See Fletcher*, 745 F. App'x at 75.

### 2. Due Process

Plaintiff also claims that he was placed on lockdown as a form of punishment. The Supreme Court has held that "[i]n evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivations of liberty without due

process of law . . . the proper inquiry is whether those conditions amount to punishment of the detainee." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).  Pretrial detainees, "may not be punished prior to an adjudication of guilt in accordance with due process of law." *Id*. (citations omitted). "A person lawfully committed to pretrial detention has not been adjudged guilty of any crime . . . [and] has had only a 'judicial determination of probable cause as a prerequisite to [the] extended restraint of [his] liberty following arrest." *Id*. (citations omitted).  The government may "detain him to ensure his presence at trial and may subject him to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." *Id*. at 536–37.

To determine when restrictions pass, as  a matter of law, from constitutionally acceptable to constitutionally impermissible, a court must ask two questions. *Blackmon v. Sutton*, 734 F.3d 1237, 1241 (10th Cir. 2013).  "First, we must ask whether an 'expressed intent to punish on the part of detention facility officials' exists" and "[i]f so, liability may attach. If not, plaintiff may still prove unconstitutional punishment by showing the restriction in question bears no reasonable relationship to any legitimate governmental objective." *Id*. (citing *Bell*, 441 U.S. at 538–39).

The Government has "legitimate interests that stem from its need to manage the facility in which the individual is detained." *Bell*, 441 U.S. at 540.  "Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial." *Id*.  "[I]n addition to ensuring the detainees' presence at trial, the effective management of the detention facility once the individual is confined is a valid objective that may justify imposition of conditions and

restrictions of pretrial detention and dispel any inference that such restrictions are intended as punishment." *Id*.  The Supreme Court has warned that these decisions "are peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters."  *Id*. at 540, n.23 (citations omitted).

 Plaintiff has not alleged that Defendants exaggerated their response when they locked him down after he argued with jail staff.  Plaintiff has failed to allege that the restrictions are not reasonably related to the institution's interest in maintaining jail security. Plaintiff should show good cause why his claims should not be dismissed for failure to state a claim.

### 3.  Defendants

Plaintiff names the JCADC as a defendant.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a *person* acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added).  Prison and jail facilities are not proper defendants because none is a "person" subject to suit for money damages under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989); *Clark v. Anderson*, No. 09-3141-SAC, 2009 WL 2355501, at *1 (D. Kan. July 29, 2009); *see also Aston v. Cunningham*, No. 99–4156, 2000 WL 796086 at *4 n.3 (10th Cir. Jun. 21, 2000) ("a detention facility is not a person or legally created entity capable of being sued"); *Busekros v. Iscon*, No. 95-3277-GTV, 1995 WL 462241, at *1 (D. Kan. July 18, 1995) ("[T]he Reno County Jail must be dismissed, as a jail is not a 'person' within the meaning of § 1983.").  Plaintiff's claims against  the JCADC are subject to dismissal.

Plaintiff also names the Johnson County Sheriff's Department and Johnson County as defendants.  To impose § 1983 liability on the county and its officials for acts taken by its employee, plaintiff must show that the employee committed a constitutional violation and that a county policy or custom was "the moving force" behind the constitutional violation.  *Myers v. Oklahoma Cty. Bd. of Cty. Comm'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 695 (1978)).  The Supreme Court explained that in *Monell* they decided "a municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue," and "there are limited circumstances in which an allegation of a 'failure to train' can be the basis for liability under § 1983."  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–86 (1989).  Plaintiff has pointed to no policy or deficiency in the training program used by the Sheriff's Department and no causal link between any such inadequacy and the allegedly unconstitutional acts of staff.

The Sheriff's Office is not an entity which may sue or be sued under the laws of Kansas. *See* K.S.A. 19-105 (all suits by or against a county shall be brought by or against the board of county commissioners). Therefore, this Court and others have held that it is not a "person" which may be sued under § 1983.  *See Brown v. Sedgwick County Sheriff's Office*, 513 F. App'x 706, 707–808 (10th Cir. March 12, 2013) (affirming dismissal of a § 1983 claim against a Kansas county sheriff's office because it is not an entity which may be sued); *Schwab v. Kansas*, 2017 WL 2831508 *13 (D. Kan. June 30, 2017) (Riley County Police Department); *Johnson v. Figgins*, 2013 WL 1767798 *5 (D. Kan. April 24, 2013) (Wilson County Sheriff's Department); *Galloway v. Hadl*, 2007 WL 1115201 *1 (D. Kan. April 13, 2007) (Douglas County Sheriff's Department); *Wright v. Wyandotte County Sheriff's Dept.*, 963 F. Supp. 1029, 1034 (D. Kan. 1997).

**4. Requests for Relief**

Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury. Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

Plaintiffs also mentions punitive damages, which "are available only for conduct which is 'shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Searles*, 251 F.3d at 879 (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)). Plaintiff presents no plausible basis for a claim of punitive damages because he alleges no facts whatsoever establishing that any defendant acted with a sufficiently culpable state of mind. Any request for punitive damages is subject to dismissal.

To the extent Plaintiff seeks Defendants' termination in his request for relief, the Court is without authority to grant such relief. *See Nicholas v. Hunter*, 228 F. App'x 139, 141 (3rd Cir. 2007) ( "The remaining relief requested is not available as the District Court lacks authority to order a federal investigation and prosecution of the defendants or the termination of their employment."); *Goulette v. Warren*, No. 3:06CV235-1-MU, 2006 WL 1582386, at n.1 (W.D. N.C. June 1, 2006) ("The Court notes that even if Plaintiff's claims prevailed in this case, this Court would not, based upon this law suit, have the authority to order the termination of the Defendant's employment or to grant Plaintiff an immediate, early release from jail."); *Dockery v. Ferry*, No. 08-277, 2008 WL 1995061, at *2 (W.D. Pa. May 7, 2008) (finding that the court cannot issue an order which would direct a local government to terminate a police officer's employment) (citing *In re Jones*, 28 F. App'x 133, 134 (3rd Cir. 2002) ("Jones is not entitled to

relief . . . [S]he asks this Court to prohibit the State of Delaware from filing charges against her. The federal courts, however, have no general power in mandamus action to compel action, or in this case inaction, by state officials.")); *Martin v. LeBlanc*, No. 14-2743, 2014 WL 6674289, at n.1 (W.D. La. Nov. 24, 2014) (finding that where plaintiff requested an investigation, the termination of the defendants' employment and the closure of the prison, "[s]uch relief is not available in this action"); *Merrida v. California Dep't of Corr.*, No. 1:06-CV-00502 OWW LJO P, 2006 WL 2926740, at n.1 (E.D. Cal. Oct. 11, 2006) (finding that where plaintiff prays for the termination of defendant's employment, "the court cannot award this form of relief to plaintiff) (citing 18 U.S.C. § 3626(a)(1)(A)).

Furthermore, to the extent Plaintiff suggests that the infringement of his rights constituted a crime, this Court cannot order criminal charges and cannot order State courts to open or close cases. *See Presley v. Presley*, 102 F. App'x 636, 636–37 (10th Cir. 2004) (holding that any federal court order for "investigation or prosecution of various people for various crimes" would "improperly intrude upon the separation of powers"); *Alexander v. Lucas*, 259 F. App'x 145, 148 (10th Cir. 2007) (holding that the *Rooker-Feldman* doctrine barred plaintiff's request that the federal district court order a State-court judge to grant relief).

### 5. Claims Regarding Bond

Plaintiff has also submitted a letter to the clerk raising claims regarding his bond and seeking Court intervention.  (Doc. 3.)  Any claims Plaintiff seeks to assert must be added to his amended complaint and any other relief he requests must be sought by a proper motion.  To the extent Plaintiff seeks to modify his bond in his criminal case, the Court would be prohibited from hearing Plaintiff's claim under *Younger v. Harris*, 401 U.S. 37, 45 (1971).  "The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial

proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). "Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Buck*, 244 F. App'x at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

Here, the first condition is met because Plaintiff's state criminal proceedings are pending. The second condition for *Younger* abstention would be met because Kansas undoubtedly has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts. *In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007) ("[S]tate control over criminal justice [is] a lynchpin in the unique balance of interests" described as "Our Federalism.") (citing *Younger*, 401 U.S. at 44). Likewise, the third condition would be met because Kansas courts provide Plaintiff with an adequate forum to litigate his constitutional claims by way of pretrial proceedings, trial, and direct appeal after conviction and sentence, as well as post-conviction remedies. *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("[F]ederal courts should abstain from the exercise of . . . jurisdiction if the issues raised . . . may be resolved either by trial on the merits in the state court or by other [available] state procedures.") (quotation omitted); *see Robb v. Connolly*, 111 U.S. 624, 637 (1984) (state courts have obligation 'to guard, enforce, and protect every right granted or secured by the constitution of the United States . . . .'"); *Steffel v. Thompson*, 415 U.S. 452, 460–61 (1974) (pendant state proceeding, in all but unusual cases, would provide federal plaintiff with necessary vehicle for vindicating constitutional rights).

Plaintiff's claims are insufficient to trigger any of the *Younger* exceptions.

If this claim is construed as a petition for habeas corpus, Plaintiff fares no better. A prisoner proceeding pretrial under 28 U.S.C. § 2241 must first exhaust available state court remedies.   Likewise, the *Younger* doctrine prevents a court proceeding in habeas from intervening in a pending state court criminal matter unless exceptional circumstances are present.

In *Arter v. Gentry*, the Tenth Circuit upheld a district court decision construing a pretrial detainee's claim of excessive bail as a claim under § 2241 and denying habeas relief for failure to exhaust state court remedies and noting that the *Younger* abstention doctrine, "compels us to avoid interference in ongoing state proceedings when the state courts provide an adequate forum to present any federal constitutional challenges." *Arter v. Gentry*, 201 F. App'x 653, 653–54 (10th Cir. 2006) (unpublished).   And in *Tucker v. Reeve*, a state pretrial detainee challenged his pretrial detention, alleging state officials set excessive bond, denied him a speedy trial, and engaged in illegal searches and seizures.   *Tucker v. Reeve*, 601 F. App'x 760 (10th Cir. 2015) (unpublished).   The Tenth Circuit upheld the district court's application of the *Younger* abstention doctrine.   *Id.* at 760–61; *see also Albright v. Raemisch*, 601 F. App'x 656, 659–60 (10th Cir. 2015) (unpublished) (dismissing § 2241 petition challenging, inter alia, violation of rights against excessive bond, for failure to exhaust state court remedies).

## IV.  Response and/or Amended Complaint Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein.   Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.[1]

---

[1] To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint.  *See* Fed. R. Civ. P. 15.  An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it.  Therefore, any claims or allegations not included in the amended complaint are no longer before the court.  It follows that a plaintiff may not simply refer to an earlier pleading, and the amended

Plaintiff should use the form complaint provided to him with the Court's Notice of Deficiency. Plaintiff is given time to file a complete and proper amended complaint in which he (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **August 22, 2022,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **August 22, 2022**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

**IT IS SO ORDERED**.

**Dated July 22, 2022, in Topeka, Kansas.**

<u>**S/ Sam A. Crow**</u>
**SAM A. CROW**
**SENIOR U. S. DISTRICT JUDGE**

---

complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (22-3144-SAC) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.