## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**TODD JAMES LEWIS,**

    **Plaintiff,**

    v.                                                    CASE NO.  22-3144-SAC

**JOHNSON COUNTY ADULT**
**DETENTION CENTER, et al.,**

    **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff, a detainee at the Johnson County Adult Detention Center in Olathe, Kansas ("JCADC"), filed this pro se civil rights case under 42 U.S.C. § 1983.  The Court entered a Notice of Deficiency (Doc. 4) advising Plaintiff that his Complaint was deficient because it was not on the Court-approved form, and the civil action filing fee had not been satisfied.  The Notice directed Plaintiff to either pay the filing fee or submit a motion for leave to proceed in forma pauperis.  The proper forms were enclosed with the Notice and Plaintiff was granted until August 15, 2022, to cure the deficiencies.  On July 22, 2022, the Court entered a Memorandum and Order to Show Cause (Doc. 5) ("MOSC"), provisionally granting Plaintiff leave to proceed in forma pauperis and advising Plaintiff that he is still directed to either pay the filing fee or submit a proper motion for leave to proceed in forma pauperis by the Court's August 15, 2022 deadline.  The MOSC also ordered Plaintiff to either show good cause why his Complaint should not be dismissed or to file an amended complaint by August 22, 2022.  Plaintiff has failed to pay

the filing fee or file a motion for leave to proceed in forma pauperis by the Court's deadline. Plaintiff has also failed to respond to the Court's MOSC by the Court's deadline.[1]

Plaintiff claims that he was denied his First Amendment right to free speech when jail staff spoke over him and denied him the right to speak freely. The Court found in the MOSC that Plaintiff failed to show that he was engaged in a constitutionally protected activity or that the imposed restrictions violated prison regulations or that the restrictions were unconstitutional under the circumstances.  In *Turner v. Falk*, the Tenth Circuit upheld the dismissal of plaintiff's retaliation claim finding in relevant part that:

> Prisons are unique. "Government conduct that would be unacceptable, even outrageous, in another setting may be acceptable, even necessary, in a prison." *Gee*, 627 F.3d at 1185. "[P]risoners' rights may be restricted in ways that would raise grave First Amendment concerns outside the prison context." *Id.* at 1187 (quoting *Thornburgh v. Abbott,* 490 U.S. 401, 407, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989)). "Consequently, a prisoner claim will often not be plausible unless it recites facts that might well be unnecessary in other contexts." *Id.* at 1185.

> An inmate does not have a First Amendment right to make violent, explicit, or harassing statements, at least when he has been warned not to. *See Kervin v. Barnes,* 787 F.3d 833, 835 (7th Cir.2015) (concluding that "backtalk by prison inmates to guards, like other speech that violates prison discipline, is not constitutionally protected"); *Lockett v. Suardini,* 526 F.3d 866, 874 (6th Cir.2008) (holding that prisoner's characterization of hearing officer as "a foul and corrupted bitch" violated prison regulation prohibiting insolent behavior and wasn't protected by the First Amendment); *Cowans v. Warren,* 150 F.3d 910, 912 (8th Cir.1998) (concluding that prisoner disciplined for "using abusive and insulting language" in violation of prison rule failed to state claim for retaliation because he was disciplined for acts he wasn't entitled to perform); *Ustrak v. Fairman,* 781 F.2d 573, 580 (7th Cir.1986) (finding that a prison rule prohibiting "being disrespectful to any employee of the institution ... swearing, cursing, or us[ing] ... any other vulgar,

---

[1]  The Court notes that the MOSC and Notice of Deficiency were returned to the Court as undeliverable.  The Court remailed both documents to Plaintiff's alternative address that he provided in Doc. 3.  The documents were remailed on August 15, 2022.

> abusive, insolent, threatening, or improper language" did not
> violate an inmate's First Amendment rights).
>
> As these cases illustrate, prison restrictions on inmate expression
> are common. Therefore, to raise a plausible claim, an inmate must
> allege facts showing that an imposed restriction violated prison
> regulations or that the restriction was unconstitutional under the
> circumstances. *See Gee,* 627 F.3d at 1190.

*Turner v. Falk*, 632 F. App'x 457, 460–61 (10th Cir. 2015) (unpublished); *see also Fletcher v.*

*Schwartz*, 745 F. App'x 71, 75, n.4 (10th Cir. 2018) (unpublished) (finding that plaintiff's claim

that he remained calm and did not disrupt other prisoners did not demonstrate that jail official

had no legitimate basis to order him to cease arguing with her, and noting that plaintiff failed to

"plead facts showing that accommodation of a prisoner's right to verbally voice such complaints,

without restriction, would have no significant impact on guards and other inmates."); *see also*

*Huff v. Mahon*, 312 F. App'x 530, 532 (4th Cir. 2009) (adopting district court's reasoning and

finding that "[a]n inmate does not have a First Amendment right to direct disrespectful

comments to a prison official, whether verbally or in writing, because the prison's legitimate

penological interests in promoting order and discipline, and in controlling violence clearly

necessitate the prohibition of such comments."); *Denson v. Rios*, 2019 WL 7161695, at \*5 (D.

Colo. Dec. 23, 2019) ("Plaintiff's comment—backtalk to a prison official—is not

constitutionally protected activity.").

The Court found in the MOSC that because Plaintiff failed to show a violation of his First

Amendment right to freedom of speech, he has also failed to plead a plausible claim that he was

retaliated against for exercising his First Amendment rights.  *See Fletcher*, 745 F. App'x at 75.

The Court also found that Plaintiff failed to state a due process claim.  Plaintiff has not

alleged that Defendants exaggerated their response when they locked him down after he argued

with jail staff.  Plaintiff has failed to allege that the restrictions are not reasonably related to the institution's interest in maintaining jail security.

The Court also found that the JDADC, the Johnson County Sheriff's Department, and Johnson County, were not proper defendants and Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury. Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).

The Court also found that Plaintiff presented no plausible basis for a claim of punitive damages because he alleges no facts whatsoever establishing that any defendant acted with a sufficiently culpable state of mind; to the extent Plaintiff seeks Defendants' termination in his request for relief, the Court is without authority to grant such relief; and to the extent Plaintiff suggests that the infringement of his rights constituted a crime, this Court cannot order criminal charges and cannot order State courts to open or close cases.  *See Presley v. Presley*, 102 F. App'x 636, 636–37 (10th Cir. 2004) (holding that any federal court order for "investigation or prosecution of various people for various crimes" would "improperly intrude upon the separation of powers"); *Alexander v. Lucas*, 259 F. App'x 145, 148 (10th Cir. 2007) (holding that the *Rooker-Feldman* doctrine barred plaintiff's request that the federal district court order a State-court judge to grant relief).

Lastly, the Court held that to the extent Plaintiff seeks to modify his bond in his criminal case, the Court would be prohibited from hearing Plaintiff's claim under *Younger v. Harris*, 401 U.S. 37, 45 (1971).

The MOSC provides that "[i]f Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim."  (Doc. 5, at 14.)  Plaintiff has failed to submit an amended complaint and has failed  to show good cause why his Complaint should not be dismissed for the reasons set forth in the Court's  MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated August 25, 2022, in Topeka, Kansas.**

**S/ Sam A. Crow**
**SAM A. CROW**
**SENIOR U. S. DISTRICT JUDGE**